UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | I N F O R M A T I O N |
| - against - | 19 CR 338 (BMC) |
| | (T. 7, U.S.C., § 13(a)(2)) |
| COREY FLAUM, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE UNITED STATES OF AMERICA CHARGES:

COUNT ONE
(Attempted Price Manipulation)

1. From approximately April 2006 until approximately May 2008, the defendant, COREY FLAUM, was employed as a precious metals trader at the headquarters of a global financial institution that was based in New York, New York ("Bank A"). From approximately June 2008 until approximately July 2016, FLAUM was employed as a precious metals trader at the New York office of a global financial institution that was based in Toronto, Ontario, Canada ("Bank B").

2. From approximately June 2007 until approximately July 2016 (the "Relevant Period"), in the Eastern District of New York and elsewhere, at least in part for the benefit of Banks A and B, FLAUM knowingly and intentionally manipulated and attempted to manipulate the price of certain commodities for future delivery, namely precious metals futures contracts, on or subject to the rules of a registered entity, including the New York Mercantile Exchange, Inc. and Commodity Exchange, Inc.

1

3. FLAUM's manipulative trading strategy relied on placing one or more large orders that FLAUM intended to cancel before execution ("Manipulative Orders") in an effort to deceive other market participants about the existence of genuine supply and demand for precious metals futures contracts and to artificially move prices in a direction that was favorable to FLAUM and Banks A and B.

4. More specifically, if FLAUM wanted to buy precious metals futures contracts, he placed one or more Manipulative Orders on the sell side of the order book to create the illusion of supply and artificially move prices lower so that FLAUM could buy more cheaply or more easily.

5. Similarly, if FLAUM wanted to sell precious metals futures contracts, he placed one or more Manipulative Orders on the buy side of the order book to create the illusion of demand and artificially move prices higher so that FLAUM could sell at a higher price or more easily.

6. In total, FLAUM placed thousands of Manipulative Orders for precious metals futures contracts during the nine-year Relevant Period. FLAUM used the following Tag50 identifiers, among others, to place Manipulative Orders:

| Tag 50 | Approximate Date Range |
|---|---|
| BSNCFLAUM | June 2007 to May 2008 |
| CFLAUM | October 2008 to May 2013 |
| CCCFLAUM | May 2013 to July 2016 |

7. In furtherance of his manipulative trading strategy, FLAUM committed the following overt acts, among others:

   a. On or about December 31, 2015, at approximately 12:39:10.679 p.m. (Eastern Standard Time), FLAUM placed an order to sell five gold futures contracts at the price of $1,060.40.

   b. Approximately 82.987 seconds later, during which time FLAUM was unable to execute his sell order, FLAUM placed a Manipulative Order to buy 245 gold futures contracts at the price of $1,059.90 with the intent to create the illusion of demand and to artificially move the market price higher.

   c. One millisecond after FLAUM placed the Manipulative Order to buy, the market price did in fact move higher, and FLAUM's order to sell five gold futures contracts was executed in its entirety.

   d. Approximately 1.123 seconds later, FLAUM canceled his Manipulative Order in its entirety.

All in violation of Title 7, United States Code, Section 13(a)(2).

ROBERT A. ZINK
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

By: _____
AVI PERRY
MATTHEW F. SULLIVAN
ALEXANDER KRAMER
TRIAL ATTORNEYS